XAVIER BECERRA
Attorney General of California
ANNADEL A. ALMENDRAS
Supervising Deputy Attorney General
GARY ALEXANDER, SBN 167671
MYUNG J. PARK, SBN 210866
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5557
  Fax:  (415) 703-5480
  E-mail:  Myung.Park@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY,**<br><br>Plaintiff,<br><br>v.<br><br>**CHARLTON H. BONHAM, in his official capacity as Director of the California Department of Fish and Wildlife; CRAIG SHUMAN, in his official capacity as Manager of the California Department of Fish and Wildlife Marine's Region,**<br><br>Defendants. | Case No. 3:17-cv-05685-MMC<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS; DECLARATION OF DR. CRAIG SHUMAN**<br><br>Fed. R. Civ. P. 12(b)(6)<br><br>Date:         Dec. 8, 2017<br>Time:        9:00 a.m.<br>Dept:         Courtroom 7, 19th Floor<br>M. Judge:  Hon. Maxine M. Chesney<br>Trial Date: Not Yet Set<br>Action Filed: October 4, 2017 |

# NOTICE OF MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on December 8, 2017, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Maxine M. Chesney, United States District Court, Northern District of California, San Francisco Division, Courtroom 7, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, Defendant Charlton H. Bonham, Director of the California Department of Fish and Wildlife, in his official capacity, and Defendant Craig Shuman, Manager of California Department of Fish and Wildlife's Marine Region, in his official capacity, will and hereby do move the Court for an order dismissing the claims for relief within Plaintiff's Complaint alleged against Defendant Craig Shuman. Defendants' motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Dr. Craig Shuman; Plaintiff's Complaint and other pleadings on file in this action; any other documents that are now on file or that may be on file in this action at the time of the hearing; and such further oral or written argument and evidence as may be presented at the time of the hearing or otherwise considered by the Court.

## RELIEF SOUGHT

Defendants respectfully request an order dismissing with prejudice all of Plaintiff's claims alleged against Defendant Craig Shuman, Manager of the California Department of Fish and Wildlife's Marine Region, in his official capacity. This motion is brought on the grounds that, under Fed. R. Civ. P. 12(b)(6), Defendant Craig Shuman has been improperly joined as a Defendant and, therefore, no claim for relief can be stated against him in this proceeding.

///
///
///
///
///

1

Notice of Motion and Motion by Defendants to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities In Support of Motion to Dismiss (3:17-cv-05685-SK)

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUE TO BE DECIDED

Whether or not Plaintiff has improperly joined Defendant Craig Shuman, Manager of the California Department of Fish and Wildlife's Marine Region, in his official capacity.

## FACTUAL AND STATUTORY BACKGROUND

Plaintiff in this lawsuit is a nonprofit corporation seeking to enjoin Defendants from authorizing and permitting the commercial Dungeness crab trap fishery otherwise permitted under California's Fish and Game Code. *See* Plaintiff's Complaint ("Compl.") at ¶¶ 83-84. Plaintiff alleges that Dungeness crab traps permitted and used in California and authorized by the California Department of Fish and Wildlife (hereafter referred to as "CDFW") contribute to entanglements of certain species listed under the Endangered Species Act, namely, the humpback whales, blue whales, and Pacific leatherback sea turtles. Compl. at ¶ 52. Plaintiff further alleges that Defendants permit the commercial Dungeness crab fishery to use a certain number of crab traps per season and that humpback whales, blue whales, and Pacific leatherback sea turtles encounter and become entangled with the lines connected to some of these traps. Compl. at ¶ 48. According to Plaintiff, such entanglements have killed, injured, or captured some of these species. Compl. at ¶¶ 52-53, 60-61. Plaintiff alleges that such entanglements of these species will continue as long as the Dungeness crab traps permitted and authorized by CDFW continue to be used. Compl. at ¶ 62.

Plaintiff claims that these entanglements constitute an unlawful "take" under the Endangered Species Act, 16 U.S.C § 1531 et seq (1973). Compl. at ¶¶ 21, 21, 66. According to Plaintiff, because Defendants "authorize, license, and allow" commercial Dungeness crab fishers to use such crab gear that result in the entanglement of the ESA-listed species, Defendants must no longer permit such commercial crab fishing until it applies for and receives an incidental take permit from the federal agency. Compl. at ¶¶ 77-82.

///

///

///

2

Notice of Motion and Motion by Defendants to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities In Support of Motion to Dismiss (3:17-cv-05685-SK)

## STANDARD FOR MOTION TO DISMISS

### I. RULE 12(B)(6) – FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Fed. R. Civ. P. 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Arguments as to an improperly named defendant may be addressed under this rule. *See, e.g., Easterly v. Department of Army*, 2010 WL 1233544, at *6 (E.D. Cal. March 22, 2010).

In reviewing a complaint under Fed. R. Civ. P. 12(b)(6), allegations of material fact are accepted as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Legal conclusions cast in the form of factual allegations are not accepted as true. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

When considering a motion to dismiss, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 667-78; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). That is, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

3

Notice of Motion and Motion by Defendants to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities In Support of Motion to Dismiss (3:17-cv-05685-SK)

**ARGUMENT**

**I. DEFENDANT CRAIG SHUMAN, MANAGER OF CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE'S MARINE REGION, IN HIS OFFICIAL CAPACITY, IS AN IMPROPERLY NAMED DEFENDANT AND SHOULD BE DISMISSED FROM THIS LAWSUIT BECAUSE NO CLAIM FOR RELIEF CAN BE STATED AGAINST HIM HERE**

Under the principle articulated in *Ex Parte Young*, a private plaintiff may sue state officials in federal court in their official capacities for prospective relief from ongoing violations of federal law.[1] See *Ex parte Young,* 209 U.S. 123, 159-60 (1908). However, this rule is limited. A plaintiff may sue a state official, in his or her official capacity, for prospective injunctive relief under *Ex Parte Young* only if the official has "direct authority and practical ability to enforce the challenged statute." *National Audubon Society, Inc. v. Davis*, 307 F.3d 835, 846-47 (9th Cir. 2002). In other words, to be a proper defendant against whom a claim for relief can be stated, the official must have "the particular duty to enforce the statute in question." *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (citing *Ex Parte Young*).

Here, Regional Manager Craig Shuman is not the state official in California with the duty to enforce the particular statutes implicated by the complaint. In a challenge to a state proposition regulating trapping, the Ninth Circuit held that the Director of the California Department of Fish and Game had the requisite "direct authority over and principal responsibility for" enforcement.[2] *National Audubon Society, Inc.*, 307 F.3d at 847; *see also* Cal. Fish & Game Code §§ 700, 701.3, 704 (Deering, Supp. 2017). In other words, when it comes to enforcing statutes in California's Fish and Game Code, CDFW's Director is the proper state official – not Regional Manager Craig Shuman.

The same is true with regard to enforcement of licenses and permits for commercial crabbing as in this case – Regional Manager Craig Shuman is not the state official with power to

---

[1] Plaintiff seeks both injunctive and declaratory relief in this action. *See* Compl. at p. 16, Prayer for Relief. Under the *Ex Parte Young* exception that permits prospective injunctive relief against state officials, declaratory relief is generally ancillary to injunctive relief. *See Green v. Mansour*, 474 U.S. 64, 71-72 (1985).

[2] The California Department of Fish and Game is now called the California Department of Fish and Wildlife. The name change was implemented a few years ago without any changes to the agency's statutory or regulatory duties and responsibilities.

4

enforce the laws authorizing CDFW to issue and enforce such licenses and permits. While CDFW is the actual agency that enforces these licenses and permits (*see also* Compl. ¶¶ 17, 44), CDFW's Director is the state official responsible for CDFW's enforcement activities regarding licenses, permits, and commercial crabbing. *National Audubon Society, Inc.*, 307 F.3d at 846-47. Thus, Director Charlton H. Bonham, in his official capacity, is the proper defendant for Plaintiff's claims for prospective injunctive and declaratory relief. And Director Bonham has been named as a defendant in this matter already.

In addition to being contrary to the law, no purpose is served by joining Regional Manager Craig Shuman as a defendant in this lawsuit. Regional Manager Craig Shuman does not have "direct authority over and principal responsibility for enforcing" statutes related to commercial crab fishing licenses and permits. *National Audubon Society, Inc.*, 307 F.3d at 847. Regional Manager Shuman does not have statewide or Department authority. *See* Declaration of Dr. Craig Shuman at ¶¶ 4-6. Regional Manager Craig Shuman's duties and responsibilities are limited to one of various Regions that CDFW serves, and those duties and responsibilities do not extend to other Regions or Divisions of CDFW, such as the License and Revenue Branch of the Administrative Division, or the Law Enforcement Division. *Id*. Furthermore, Regional Manager Craig Shuman's duties and responsibilities require him to report to Chief Deputy Director Kevin Hunting, who reports to Director Charlton Bonham. *Id.* at ¶ 3.

Indeed, as stated above and as recognized by the Ninth Circuit, the direct authority and principal responsibility belongs solely to Director Charlton Bonham. *See National Audubon Society, Inc.*, 307 F.3d at 847; *see also* Cal. Fish & Game Code § 700 (Deering, Supp. 2017) (the Department of Fish and Wildlife is "administered through the director"). Further, "the director is the appointing power of all employees within the department, and all employees in the department are responsible to the director for the proper carrying out of the duties and responsibilities of their respective positions." *Id*. at § 704. Thus, if the Court enjoins the Director, there is no need to enjoin the Regional Manager, as the Regional Manager cannot act in contravention to directives from the Director.

5

In sum, the only prospective injunctive and declaratory relief available here is against a proper defendant in his or her official capacity.  The only Defendant against whom such relief is necessary and appropriate here is the Director of CDFW in his official capacity.  Therefore, the other named Defendant, Craig Shuman, should be dismissed from this lawsuit *with prejudice* because no claim for relief can be stated against him.

## CONCLUSION

For the reasons stated above, Defendants respectfully request an order dismissing with prejudice all claims by Plaintiff against Defendant Craig Shuman, Manager of California Department of Fish and Wildlife's Marine Region, in his official capacity.

Dated:  October 27th, 2017                                Respectfully Submitted,

                                                          XAVIER BECERRA
                                                          Attorney General of California
                                                          ANNADEL A. ALMENDRAS
                                                          Supervising Deputy Attorney General


                                                          /s/ Myung J. Park
                                                          MYUNG J. PARK
                                                          Deputy Attorney General
                                                          *Attorneys for Defendants*

6

Notice of Motion and Motion by Defendants to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities In Support of Motion to Dismiss (3:17-cv-05685-SK)

# CERTIFICATE OF SERVICE

Case Name:   Center for Biological Diversity v. Bonham et al         No.   3:17-cv-05685-MMC

I hereby certify that on <u>October 27, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**1. NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

**2. DECLARATION OF DR. CRAIG SHUMAN**

**3. [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 27, 2017</u>, at San Francisco, California.


| Belinda Chan | /s/ Belinda Chan |
|---|---|
| Declarant | Signature |

SF2017203894
41871949.docx